## JOSEPH T. CROWELL v. UZAL M. OSBORNE.

1. O. being indebted to the city of Rahway for unpaid assessments, gave a promissory note to C., as treasurer of said city, to secure such payment ; C. subsequently entered upon the official books a credit of this amount, charging himself as having received the same as cash. The city never accepted the note, or in any way recognized the transaction, and C. never paid into the treasury the amount of O.'s indebtedness, and nothing appears to show that O. has been discharged in any man-

ner from his liability to the city. *Held,* that C. can maintain no action upon this note; it was given to his office and not to him personally, and the city having declined to receive it, it failed of inception as a valid contract.

2. If the official designation is *descriptio personæ* merely, and the design was to give the note to plaintiff as payee, there is no consideration to support it, he having failed either to pay the defendant's liability or to show that the city has accepted him and released the defendant.

On rule to show cause.

Argued at February Term, 1881, before Justices DEPUE, SCUDDER, and KNAPP.

For the rule, *Garret Berry.*

*Contra, Leslie Lupton.*

The opinion of the court was delivered by

KNAPP, J.   On the trial of this cause, the court, at the close of the plaintiff's case, directed a nonsuit to be entered, because of the failure of the plaintiff to present a cause of action.    Under this rule that determination of the Circuit judge is questioned.

The action was upon a promissory note made by the defendant, of which the following is a copy:

"RAHWAY, N. J., Nov. 22, '76.

"Three months after date I promise to pay to the order of Joseph T. Crowell, treasurer, five hundred dollars.    National bank of Rahway.    Value received.

(Signed,)      "UZAL M. OSBORNE."

Execution of the note was proved, and it also appeared in evidence that at the date of a certain note, of which the one sued on was in renewal, the defendant was indebted to the city of Rahway in an amount larger than that named in the

note, for unpaid assessments. The plaintiff was city treasurer, with authority to receive payment of assessments, and the note was given to him as treasurer, to secure such payment. Subsequently, and while yet treasurer, plaintiff entered upon the official books a credit of the amount, and charged himself as having received the same as cash. No authority was shown for the treasurer to receive payment by note, or to give such credit to the defendant without actual payment. The city never accepted the note, or in any way recognized the transaction. The plaintiff, although entering the amount of the charge as paid to him, and thus making evidence against himself of having that amount in hand more than he had actually received, never paid into the treasury the amount of the defendant's indebtedness, or any part of it. And nothing appears to show that the defendant has been discharged in any manner from liability to the city. Upon this state of facts the order for nonsuit was made.

It is difficult to see upon what legal theory the plaintiff can hope to sustain his action.

If the defendant's indebtedness to the municipality was the consideration for the note, it must be that to his office, and not to the plaintiff personally, it was given; and it belonged to the city as the creditor to be paid. It is admitted that he paid the city nothing for it, and has not acquired any title through the city to the instrument. If, as appears to be the case, the city declined to receive it, it failed of inception as a valid contract, and should have been given up and the credit canceled.

If the official designation used in the note was *descriptio personæ* merely, and the design was to give the note to the plaintiff as payee, then the consideration to support it must arise out of some undertaking on the plaintiff's part to pay the defendant's liability for him. Here, again, the plaintiff is met with his admission that he has made no such payment; by his failure to show that the city has accepted him and released the defendant, and by the absence of any proof that the defendant holds against him any enforceable obligation to pay for him.

A promise may be a good consideration for a promise; as a promissory or an acceptance for another promissory note or acceptance. But the promise which shall form a valid consideration, must be such a one as the promisee may have in hand to enforce by law. 1 *Pars. on B. & N.,* 199, 200, *and note.* Here the defendant holds, and has held, no promise of the plaintiff which he can enforce, or which could be the subject of surrender. In my judgment the note had no validity, and the plaintiff was properly nonsuit.

The plaintiff testified that the city recovered a judgment against him for money due from him on the settlement of his accounts and which he had failed to pay over, and the evidence is, as before stated, that the plaintiff had charged himself with having received this money, from which the inference is drawn that such credit to the city swelled the amount of the judgment. But the judgment was not offered in evidence. What it might have shown in that respect is speculation merely; what effect the fact, if established, might have had in the case it is needless to consider here. The fact is shown that the defendant has not paid the judgment. If the money for which the plaintiff sued had been paid by him, either through force of the judgment or otherwise, his right to recover in some form would have stood on much surer footing.

The rule to show cause should be discharged.